**Walter A. JOHNSON, et al., Appellants,**

v.

**GARAGES, ETC., INC., Respondent.**

**No. C4–84–1788.**

Court of Appeals of Minnesota.

May 7, 1985.

Greggory J. Woods, St. Peter, for appellants.

Andrew Johnson, No. Mankato, for respondent.

Considered and decided by NIERENGARTEN, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

### OPINION

FOLEY, Judge.

The facts in this case are not in dispute. Respondent, Garages, Etc., Inc. admitted that the garage floor it contracted to construct for appellants Walter and Diane Johnson was negligently installed. The only issue to be determined on appeal is

whether the trial court applied the correct measure of damages for the breach of contract.

## FACTS

This litigation involves a contract dispute. Respondent, Garages, Etc., Inc. (Garages), entered into an agreement with appellants, Walter and Diane Johnson (Johnsons), to build a garage for a contract price of $7,115. The contract states that the cement slab garage floor is to slope three inches from rear to front. Johnsons specifically explained the reason for the sloping floor; they intended to build and maintain special interest automobiles, involving frequent car washing. The sloping floor would facilitate water drainage.

Garages did not build the garage to specification; the floor does not slope three inches. As a result, water pools on the east side of the floor and has caused a portion of the east wall to deteriorate. Also, the front door does not fit flush with the floor.

In January 1984 the Johnsons sued Garages for damages resulting from breach of contract. The case was tried before the court without a jury. At trial, Johnsons testified: (1) the value of their property would have increased approximately $7,100 if the garage had been built as agreed; (2) failure to build the garage with the three inch sloping floor has increased the value of their property only $3,550; (3) replacement cost of the sloping floor would be approximately $2,934.

Garages offered no evidence to dispute the diminution in value of the property or the cost of reconstruction. Garages testified the cost of installing the present floor was $1,296. Garages also offered testimony of remedial solutions other than reconstruction of the floor: (1) adding a drain in the center of the floor, (2) cutting a groove into the cement floor, (3) using a sump pump to drain the water.

The trial court entered judgment in favor of the Johnsons, awarding damages of $1,296, the amount Garages spent in constructing the cement floor, plus $20 to level the front doors.

## ISSUE

Did the trial court err in its application of the measure of damages?

## ANALYSIS

If the trial court's finding of valuation is within the evidence, the reviewing court will not disturb it. *Asp v. O'Brien,* 277 N.W.2d 382, 385 (1979). Here, the trial court erred in its application of the measure of damages. In contract, the damage award should place the plaintiffs where they would have been if the contract were performed. *Lesmeister v. Dilly,* 330 N.W.2d 95, 102 (Minn.1983).

Minnesota law is clear on the appropriate measure of damages for breach of a construction contract.

> The preferred measure of damage * * * is to take either the cost of reconstruction in accordance with the contract, if this is possible without unreasonable economic waste, or the difference in the value of the building as contracted for and the value as actually built, if reconstruction would constitute unreasonable waste.

*Northern Petrochem Co. v. Thorsen & Thorshov, Inc.,* 297 Minn. 118, 124, 211 N.W.2d 159, 165 (1973). This measure of damages applies whether the breach of contract is functional or cosmetic. *Asp v. O'Brien,* 277 N.W.2d at 384. Where the cost of reconstruction exceeds the original cost of construction, the supreme court has found economic waste and held that the appropriate measure of damages was diminution in value. *Id.*

The only testimony concerning either the cost of reconstruction or diminution in value consisted of two estimates by the Johnsons ($2,934 for reconstruction, $3,550 diminution of value). Garages offered no con-

flicting evidence. In *Lavalle v. Aqualand Pool Co., Inc.*, 257 N.W.2d 324 (Minn.1977), the supreme court held that an owner's testimony as to the value of his property is competent evidence, and the lack of foundation only goes to the weight of the testimony:

> The owner of real property is competent to testify concerning the value it would have had if constructed according to the contract and its value as actually constructed.

*Id.* at 328.

The trial court awarded damages based on the original cost of constructing the floor rather than either the reconstruction cost or the diminution value. The court could not accept the position that a prospective buyer of the Johnson property would insist on a discount of $3,557.50 because the garage floor did not slope three inches. There is no Minnesota law holding that the measure of damages for breach of a construction contract is the breaching party's cost for that portion of the contract which is in breach. Here, Garages offered no evidence contradicting the Johnsons' two damages estimates. If the trial court was unpersuaded that the Johnson property was diminished by half because of the garage floor which did not slope three inches, it was free to apply a measure of damages based on the cost of reconstructing the floor according to contract specifications. The alternative chosen by the court has no basis in Minnesota law.

## DECISION

We reverse the trial court's application of the measure of damages for breach of a construction contract and remand to amend judgment. Under the facts of this case, the appropriate measure of damages was the cost of reconstruction. Therefore, in the interest of judicial economy and to avoid a new trial, we order judgment in the amount of $2,934.

Reversed and remanded.